IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 09 2014
JAMES W McCORMACK, CLERK
By: _____ DEP CLERK

**MARY WHITLEY**  PLAINTIFF

v.  CASE NO. 4:14cv541 BRW

**MARC D. WASSERMAN, individually**  DEFENDANT

and

**LAW OFFICES OF
MARC D. WASSERMAN, INC.**  DEFENDANT

and

**PREMIUM ASSET SERVICES, LLC**  DEFENDANT

## ORIGINAL COMPLAINT

COMES NOW the Plaintiff, Mary Whitley, by and through her attorneys, and for her Original Complaint against Marc D. Wasserman, individually, the Law Offices of Marc D. Wasserman, Inc. and Premium Asset Services, LLC, states:

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et. seq. to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

1

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.     The Supreme Court of Arkansas regulates the practice of law in Arkansas. To practice in Arkansas, one must be admitted to the Bar of Arkansas.

3.     The Arkansas Legislature has adopted a regulatory structure to insure compliance with the debt collection laws. Pursuant to A.C.A. §17-24-301, debt collectors are required to be licensed and regulated by the Arkansas State Board of Collection Agencies.

4.     Whitley brings this action to challenge the actions of Marc D. Wasserman, individually, an attorney and debt collector, the Law Offices of Marc D. Wasserman, Inc., a law firm and debt collector, and Premium Asset Services, LLC, a debt collector, with regard to attempts by Wasserman, his law firm and Premium Asset Services, LLC to unlawfully and abusively collect a debt by means of false or misleading representations. The aforementioned conduct of Wasserman, his law firm and Premium Asset Services, LLC caused damage to Whitley.

## JURISDICTION AND VENUE

5.     The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692k(d), and 28 U.S.C. §1367 for pendant State law claims.

7.     This action arises out of Wasserman and PAS's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq. and State law claims for invasion of privacy by intrusion upon seclusion.

8.   The acts and events alleged in this Complaint occurred within Ward, Lonoke County, Arkansas.

9.   Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendants transacts business here.

## PARTIES

10.  The averments set forth in paragraphs 1-9 are adopted herein and incorporated as if set forth word for word.

11.  Wiley is a natural person who resides in Ward, Lonoke County, Arkansas and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

12.  Marc D. Wasserman is an attorney licensed to practice law in California and actively engages in a debt collection practice. Wasserman operates from his office at 12362 Beach Blvd., Ste. 15, Stanton, California 90680. Wasserman is not licensed to practice law in Arkansas.

13.  The Law Offices of Marc D. Wasserman, Inc. is a California corporation that operates from its home office and principal place of business at 12362 Beach Blvd., Ste. 15, Stanton, California. The Law Offices of Marc D. Wasserman, Inc. is actively engaged in a debt collection practice. Service of process may be made on its registered agent, Marc D. Wasserman, at that address.

14.  Premium Asset Services, LLC is a Nevada limited liability company that operates from its home office and principal place of business at 3540 W. Sahara Ave. #810, Las Vegas, Nevada 89102. It is a debt buyer and actively attempts to collect debts. Service of process may

be made on its registered agent, Luis Vasquez, at 1820 E. Garry Ave., Ste. 107, Santa Anna, California 92705.

15. Premium Asset Services, LLC is a collection agency. It is not registered with the Arkansas State Board of Collection Agencies as required pursuant to A.C.A. §17-24-301.

16. Marc D. Wasserman and the Law Offices of Marc D. Wasserman, Inc. are "collection agencies" as defined under 15 U.S.C. §1692.

## FACTUAL ALLEGATIONS

17. The averments set forth in paragraphs 1-16 are adopted herein and incorporated as if set forth word for word.

18. That on March 31, 2014, on behalf of and at the instruction of Premium Asset Services, LLC, Marc D. Wasserman, Esq. and the Law Offices of Marc D. Wasserman wrote a letter to Whitley regarding a debt allegedly owed to original creditor Hometown Mower LLC on original account number ████████2030 in the amount of $2,900.83. Upon information and belief, Premium Asset Services, LLC, was the owner of said debt at the time of the sending of the letter. A copy of the letter is attached as Exhibit "A" and incorporated herein as if set forth word for word.

19. The March 31, 2014 letter asserted the following:

    a. That Whitley had "chosen to ignore our previous attempts to resolve this matter;

    b. That Whitley was "hereby notified that a recommendation to file a lawsuit to collect this debt may be the next step resulting in a judgment entered against you.

    c. That"[a] judgment is a serious legal matter and several methods to collect a judgment are available to us. These methods include:

       i. A wage garnishment against you, your spouse, or your domestic partner (if against the spouse or domestic partner a court order is required);

       ii. Levy on your bank accounts or safe deposit box;

       iii. Suspension of your real estate, contractor, or driver's license under certain circumstances."

   d. That "[a]ny of the methods mentioned above can be used to enforce a judgment until the total amount owed is paid."

   e. That "[a]lso, you will be required to pay Premium Asset Services, LLC a 10% interest on the unpaid balance of this judgment plus any attorney fees, court costs, and processing fees."

   f. That Whitley was to "[k]eep in mind, a judgment is valid and enforceable for 10 years and can be renewed for an additional time period."

   g. That "[i]f you want to avoid any further legal action, you need to contact our office within 10 days of this notice, otherwise, we will assume you do not intend to pay this debt and litigation will be commenced immediately."

   h. Finally, Whitley was to "[g]overn yourself accordingly".

20. That Wasserman and/or employees of the Law Offices of Marc D. Wasserman, Inc. began calling Whitley.

21. That toward the end of June and/or the first of July, 2014, Wasserman and/or the employees of the Law Offices of Marc D. Wasserman had a telephone conversation with Whitley in which they threatened to sue and:

   a. put a lien on her property;

   b. take her bank account;

    c. and that the lien would be on her credit for several years.

22.     That the letter and call to Whitley in an attempt to collect this debt was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23.     At the time of sending the letter of March 31, 2014 and calling Whitley, Marc D. Wasserman, Esq. and the Law Offices of Marc D. Wasserman were not licensed to practice law in the State of Arkansas.

24.     At the time of sending the letter at its instruction and on its behalf, Premium Asset Services LLC was not licensed as a collection agency in the State of Arkansas as required pursuant to A.C.A. §17-24-301.

25.     All of the above-described collection communications made to Whitley by Wasserman, his law firm and its employees and agents, and Premium Asset Services, LLC and its agents, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(4), 1692e(5), 1692e(10), and 1692f(1).

26.     All of the above described collection communications made to Whitley by Wasserman, his law firm, and on behalf and at the instruction of Premium Asset Services, LLC, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all the provisions of the FDCPA cited herein.

27.     The above-described conduct by Wasserman, his law firm, and on behalf of and at the instruction of Premium Asset Services, LLC of harassing Whitley in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Whitley's privacy by an intrusion upon seclusion.

28. This series of abusive collection calls by Wasserman, his law firm, and on behalf of and at the instruction of Premium Asset Services, LLC caused Whitley to at times cry and made her physically ill because of the aggressive manner in which the debt was collected by Wasserman and his law firm.

29. This series of abusive collection calls by Wasserman and his law firm caused a unnecessary personal strain in Whitley's relationship with her husband.

30. Whitley has suffered actual damages as a result of the these illegal collection communications by Wasserman and his law firm in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

31. Wasserman's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on Whitley and caused unnecessary personal strain in her relationship with her husband, as well as other family members.

32. Arkansas Code Annotated §17-24-301 mandates that, unless licensed by the Arkansas State Board of Collection Agencies, it is unlawful to engage in the collection of delinquent accounts, bills, or other forms of indebtedness; or purchase and attempt to collect delinquent accounts or bills.

33. Marc D. Wasserman, individually and the Law Offices of Marc D. Wasserman, Inc. are not licensed to practice law in the State of Arkansas and is, therefore, taking action that cannot legally be taken in violation of 15 U.S.C. §1692e(5).

34. Premium Asset Services, LLC is not licensed by the Arkansas State Board of Collection Agencies and is, therefore, taking action that cannot legally be taken in violation of 15 U.S.C. §1692e(5).

35. Without a law license from the Supreme Court of Arkansas, Wasserman and his law firm cannot legally contact Arkansas consumers for the purpose of collecting a delinquent account.

36. Without a license from the Arkansas State Board of Collection Agencies, Premium Asset Services, LLC cannot legally contact Arkansas consumers for the purpose of collecting a delinquent account.

## JURY DEMAND

37. That the averments set forth in paragraphs 1- 36 are adopted herein and incorporated as if set forth word for word.

38. Whitley is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. Amend 7. Fed. R. Civ. P. 38.

## CAUSESS OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

39. That the averments set forth in paragraphs 1- 38 are adopted herein and incorporated as if set forth word for word.

40. Wasserman, his law firm and PAS have violated the following sections of the Fair Debt Collection Practices Act under the "unsophisticated debtor" standard and for which strict liability applies:

   a. 15 U.S.C. §1692d(5): Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

   b. 15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect or attempt to collect any debt.

   c. 15 U.S.C. §1692e(5): The threat to take any action that cannot legally be taken or that is not intended to be taken.

   d. 15 U.S.C. §1692d: Conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

41. As a direct and proximate result of Wasserman, his law firm and PAS's actions, Whitley is entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Whitley and for Plaintiff in an amount to be determined at trial.

42. As a direct and proximate result of Wasserman, his law firm and PAS's actions, Whitley is entitled to an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Wasserman, his law firm, and PAS.

43. As a direct and proximate result of Wasserman, his law firm and PAS's actions, Whitley is entitled to an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(1) against Wasserman, his law firm, and PAS.

## COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44. The averments set forth in paragraphs 1-42 are adopted herein and incorporated as if set forth word for word.

45. That Wasserman, his law firm, and PAS intentionally intruded physically or otherwise upon Whitley's solitude or seclusion and believed or was substantially certain that it lacked the necessary legal authority or personal permission, invitation, or valid consent to commit the intrusive act.

46. That Wasserman, his law firm, and PAS's intrusion was of a kind that would be highly offensive to a reasonable person, as the result of conduct to which a reasonable person would strongly object.

47. That Whitley conducted themselves in a manner consistent with an actual expectation of privacy.

48. That Wasserman, his law firm and PAS's intrusion was a proximate cause of Whitley's damages.

49. As a direct and proximate result of Wasserman, his law firm and PAS's intrusions and invasions of privacy, Whitley is entitled to an award of actual damages from Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Whitley prays that judgment be entered against Defendants:

### Count I.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTIVES ACT

### 15 U.S.C. § 1692 et seq.

(a.)    for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendants and for Plaintiff;

(b.)    for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

(c.)    for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendants and for Plaintiff;

## Count II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

(d.)    for an award of actual damages for mental distress, anguish, and humiliation.

(e.)    for an award of costs of litigation and reasonable attorney's fees.

**WHEREFORE**, Whitley prays the Court enter judgment against Defendants for her damages enumerated above and for any and all other proper relief to which she may be entitled.

Dated: September 9, 2014

                                                  Respectfully submitted,

                                                  By: _____
                                                  Todd Wooten, Esq. ABN 94034
                                                  **WOOTEN LAW FIRM**
                                                  2226 Cottondale Lane, Suite 210
                                                  Little Rock, Arkansas 722202
                                                  Telephone: (501) 218-6064
                                                  todd@wootenlaw.net

                                                  and

                                                  J.R. Andrews, Esq. ABN92041
                                                  Attorney at Law
                                                  2014 Martha Drive
                                                  Little Rock, Arkansas 72212
                                                  Telephone: (501) 680-3634
                                                  jrandrewsatty@yahoo.com

 **Law Offices of Marc D Wasserman** 

2781 W. MacArthur Blvd Ste B-330
Santa Ana, CA 92704
(714) 380-5859
FAX: (714) 200-0786

\*\*Personal and Confidential\*\*  March 31, 2014
MARY WHITLEY
225 E GREENTREE RD
WARD, AR 72176

RE:  Original Creditor: HOMETOWN MOWER LLC
     Original Account No: ▬▬▬▬2030
     File No: 2061840
     Balance: $2,900.83

You have chosen to ignore our previous attempts to resolve this matter.

You are hereby notified that a recommendation to file a lawsuit to collect this debt may be the next step resulting in a judgment entered against you.

A judgment is a serious legal matter and several methods to collect a judgment are available to us. These methods include:

- A wage garnishment against you, your spouse, or your domestic partner (if against the spouse or domestic partner a court order is required);
- Levy on your bank accounts or safe deposit box;
- Suspension of your real estate, contractor, or driver's license under certain circumstances.

Any of the methods mentioned above can be used to enforce a judgment until the total amount owed is paid. Also, you will be required to pay Premium Asset Services, LLC a 10% interest on the unpaid balance of this judgment plus any attorney fees, court costs, and processing fees.

Keep in mind, a judgment is valid and enforceable for 10 years and can be renewed for an additional time period.

If you want to avoid any further legal action, you need to contact our office within 10 days of this notice, otherwise, we will assume you do not intend to pay this debt and litigation will be commenced immediately.

Govern yourself accordingly,

Marc D. Wasserman, Esq
Enclosure

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

